UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY CASH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-461 |
| | § | |
| CELADON TRUCKING SERVICES, INC, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants', Celadon Trucking Services, Inc., and Troy Lynn Bentley, motion for summary judgment based on their claim that under Texas law certain medical expenses are not recoverable by the plaintiff [Dkt. No. 20]. The plaintiffs, Tammy Renee Cash, individually and as next friend of A.C., D.B.C. and A.C., minors, have filed a response [Dkt. No. 26]. On March 31, 2014, the Court received oral argument in open court on the motion. Having reviewed the parties' submissions, the record and the applicable law, the Court determines that the defendants' motion should be denied.

**II.**

This suit arises as a result of a vehicular accident that occurred on September 30, 2011. The plaintiffs claim that the defendants were negligent in the operation of their vehicle on Interstate Highway 10 in Austin County, Texas. As a result, the plaintiffs suffered injury and now seek to recover damages under state common law. The issue before the Court concerns a dispute between the parties as to how Section 41.0105 of the Texas Civil Practice & Remedies Code Annotated should be interpreted in this case. The plaintiffs incurred medical bills related

to the treatment received for their alleged injuries.  They are seeking to recover the full amount billed by the healthcare providers even though the bills were discounted by the providers pursuant to a contractual agreement between the providers and a third-party.  In this case, the third-party funding company that purchased the providers' accounts at a discount is A/R Net, LLC.

### III.

The defendants contend that the plaintiffs should recover only the amounts that A/R Net paid to the providers.  They contend that section 41.0105 limits recovery . . . to expenses that the provider has a legal right to be paid."  *Haygood v. DeEscabedo*, 356 S.W.3d 390, 391 (Tex. 2011). Therefore, they argue, the Court should grant the defendants' motion for summary judgment limiting recovery to the medical expenses actually paid.

The plaintiffs dispute the defendants' interpretation of *Haygood*.  The plaintiffs contend that a claimant's recovery of medical expenses is limited to those that have been or must be paid by or for the claimant.  The plaintiffs further argue that A/R Net purchased the healthcare providers' account, *i.e.,* the medical provider's right, title and interest in the account, but did not make a payment toward the balance of the plaintiffs' account.  Hence, the plaintiffs are still obligated to pay the entire bill, but now the money is owed to A/R Net as opposed to the healthcare provider(s).

### IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant

or unnecessary will not be counted." *Id.* An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

**V.**

The Court is of the opinion that the defendants' interpretation of section 41.0105 is erroneous. The undisputed evidence shows that the plaintiffs remain liable for the full amount of the medical providers' bills and that circumstance was not affected by the transaction between A/R Net and the medical providers. Accordingly, the Court finds that the reasoning in *Secor v. Walmart Stores, Texas* [Civil Action No. 09-627 W.D. Tx (2010)] obtains. While the issue there concerned the admissibility of certain evidence, the ruling on that dispute supports this Court's view.

It is, therefore, ORDERED that the defendants' motion for partial summary judgment is DENIED.

SIGNED on this 7th day of April, 2014.

_____
Kenneth M. Hoyt
United States District Judge